**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JASON LEOPOLD,**
6824 Lexington Avenue
Los Angeles, CA 90038

**BUZZFEED INC.,**
111 East 18th Street, 13th Floor
New York, NY 10003

**Plaintiffs,**

**v.**

**U.S. DEPARTMENT OF JUSTICE,**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**DOJ OFFICE OF ATTORNEY GENERAL,**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**DOJ DEPUTY ATTORNEY GENERAL,**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**DOJ OFFICE OF SPECIAL COUNSEL,**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**Defendants.**

**Case No. 1:19-cv-00957**

## COMPLAINT

1. Plaintiffs JASON LEOPOLD and BUZZFEED INC. file this Freedom of Information Act suit seeking the prompt release of the report of the Special Counsel's investigation into Russian interference with the 2016 Presidential election and related matters, commonly known as "the Mueller Report."

## PARTIES

2. Plaintiffs JASON LEOPOLD and BUZZFEED INC. are members of the media and made the FOIA request at issue in this case.

3. Defendants are federal agencies subject to the Freedom of Information Act, 5 U.S.C. § 552, and components of the U.S. Department of Justice.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## DEFENDANTS' FOIA VIOLATION

6. On March 21, 2019, Plaintiffs requested from Defendants: "A copy of the FINAL REPORT prepared by the Office of Special Counsel Robert Mueller relating to the Office's investigation into: any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and (ii) any matters that arose or may arise directly from the investigation; and (iii) any other matters within the scope of 28 C.F.R. § 600.4(a)." Exhibit A.

7. Plaintiffs sought expedited processing of the request.

8. Defendants, through the DOJ Office of Information Policy (OIP), granted expedited processing on March 29, 2019, but asserted that due to "unusual circumstances," "we will need to extend the time limit to respond to your request beyond the ten additional days provided by the statute" for non-expedited requests. Exhibit B.

9. Defendants' response did not advise Plaintiffs of any right or need to file an administrative appeal of Defendants' purported extension based on "unusual circumstances."

10. In a phone call to Plaintiff Leopold on April 1, 2019, Defendants, through OIP, explained that the "unusual circumstances" are simply that the report is not physically housed at OIP, who is processing the request, but instead, at the agency components to whom the request was made.

11. When expedited processing has been granted, the agency must process the request "as soon as practicable."

12. According to the DOJ's FOIA Guide, several courts, including this Court, have held that there is a rebuttable presumption that when expedited processing is granted, the request will be processed within twenty business days.

13. That presumptive deadline, in this case, would be April 18, 2019.

14. The fact that the Mueller Report is located in a different physical location than OIP does not rebut the presumptive deadline.

15. Further, the Attorney General has already claimed that the report will be ready for release to Congress and to the public "by mid-April, if not sooner," and has identified the four categories of information that will be withheld, including, among others, third-party privacy interests that allegedly outweigh the public interest in disclosure. *See* Attorney General Letter to Judiciary Committee, March 29, 2019, *available at* https://www.cnn.com/2019/03/29/politics/barr-letter-mueller-release/index.html.

16. Thus, there is no reason Defendants could not immediately have issued to Plaintiffs a substantive determination on the request, and then produced the report, subject to any permissible redactions, within the presumptive twenty-day deadline.

17. To the extent any administrative appeal was required, which Plaintiffs dispute, such appeal would be futile because the highest ranking official in DOJ has already determined, on March 29, the categories of information that will be withheld.

**COUNT I – VIOLATION OF FOIA**

18. The above paragraphs are incorporated herein.

19. Defendants are agencies subject to FOIA.

20. Plaintiffs made a FOIA request to Defendants for agency records of Defendants.

21. Defendants have failed to produce the requested records.

**WHEREFORE,** Plaintiffs ask the Court to:

i. Order Defendants to produce all non-exempt portions of the Mueller Report;

ii. Award Plaintiffs attorney fees and costs; and

iii. Enter any other relief the Court deems appropriate.

DATED: April 4, 2019

Respectfully Submitted,

/s/ Matthew Topic

Attorneys for Plaintiffs

Matthew Topic
Joshua Burday
*(E-Mail: foia@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
Bar Nos. IL0037 and IL0042