## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, | ) |
| BUZZFEED INC., | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     v. | )    **Case No. 19-cv-957** |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| DOJ OFFICE OF ATTORNEY GENERAL, | ) |
| DOJ DEPUTY ATTORNEY GENERAL, | ) |
| DOJ OFFICE OF SPECIAL COUNSEL, | ) |
| | ) |
|     **Defendants.** | ) |

## PLAINTIFFS' COMBINED MOTION FOR PRELIMINARY INJUNCTION AND MEMO IN SUPPORT

In a suit against the government, a plaintiff is entitled to a preliminary injunction where (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm; and (3) the injunction is in the public interest. *E.g. Nken v. Holder*, 556 U.S. 418, 435 (2009); *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). Applying those requirements here, this Court should enter a preliminary injunction requiring Defendants to process Plaintiffs' FOIA request for the Mueller Report and produce all non-exempt portions of the Report by April 18, 2019. *See Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 35 (D.D.C. 2006) ("On numerous occasions, federal courts have entertained motions for a preliminary injunction in FOIA cases and, when appropriate, have granted such motions."); *see also Payne Enters. v. United States,* 837 F.2d 486, 494 (D.C. Cir. 1988) ("[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses.").

## I.    FACTUAL BACKGROUND

As set forth in Plaintiffs' Complaint and its attached exhibits, Plaintiffs requested a copy of the Mueller Report under FOIA on March 21, 2019.  On March 29, 2019, Defendants granted Plaintiffs' request for expedited processing and Attorney General Barr announced that he would publicly release a version of the Report subject to the redaction of four specific categories of information.  Under the presumptive processing deadline for expedited requests, Defendants should produce the Report by April 18, 2019.  Instead, Defendants asserted an open-ended extension *beyond* the ten additional business days it claimed to be allowed by the statute, and even though that ten-day extension is applicable to *non*-expedited requests.  And the only reason articulated by Defendants for all of this is that the Report is not physically located in the Office of Information Policy, which is the entity Defendants claim to be processing the request for them.

## II.    PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

Under established law, when expedited processing has been granted, the request must be processed "as soon as practicable," and there is a rebuttable presumption that it must be processed within the statute's default 20-business-day deadline.  DOJ FOIA Guide, Procedural Requirements, at 39[1]; *Elec. Privacy Info. Ctr.,* 416 F. Supp. 2d at 38-39 (rejecting "DOJ's argument that FOIA grants an agency unfettered discretion to determine when to process expedited requests"); *see also Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 542 F. Supp. 2d 1181, 1186 (N.D. Cal. 2008).

Contrary to this requirement, Defendants have asserted an open-ended delay in processing the request and releasing the Report.  Thus, Defendants must rebut the presumption

---

[1] *Available at* https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/procedural-requirements.pdf (last accessed April 3, 2019).

with "credible evidence that disclosure within such time period is truly not practicable." *Elec.*
*Privacy Info. Ctr.*, 416 F. Supp. 2d at 39 (rejecting attempted rebuttal where DOJ asserted that
request was "broad" and involved classified documents).  Yet the only "evidence" Defendants
have offered is that the Report is located in a different DOJ office than OIP, which is allegedly
processing the request.  This, according to Defendants, constitutes "unusual circumstances"
justifying its open-ended delay.

Defendants' contention misconstrues the statutory extension for regular requests as
applicable to this expedited request and then claims the right to a still-further and unspecified
extension "beyond" that deadline.  This is not what the statute provides.  But even stepping back
from the technical provisions of FOIA, Defendants are essentially saying that they cannot
process and produce the Mueller Report within 20 business days because the Report is located in
another DOJ office.  This is inadequate for two reasons:

First, it is the Attorney General's Office that is reviewing the Report to determine
applicable redactions, according to Mr. Barr's March 29 letter to Congress.  Thus, there is no
need for "a search in another office," as claimed in the denial letter: the Report exists in the same
office that is reviewing it.  And second, even if OIP was reviewing the Report instead of the
Attorney General, it is implausible in the extreme that it is "truly not practicable" for OIP
personnel to obtain a copy of the Report or review it wherever in DOJ it is located.

### III.    PLAINTIFFS WILL SUFFER IRREPARABLE HARM

In properly granting Plaintiffs' request for expedited processing, Defendants have
conceded that there is an "urgency to inform the public" about the contents of the Mueller
Report.  Because "timely public awareness" is a "structural necessity in a real democracy," there
can be no dispute that Plaintiffs and the public will suffer irreparable harm from Defendants'

planned open-ended delay in releasing the Report, particularly in light of the "current and ongoing debate" surrounding the Report. *See Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 40-41.

## IV.    THERE IS A STRONG PUBLIC INTEREST IN PROMPT RELEASE OF THE REPORT

Finally, there can also be no dispute that the public interest element is met in this case. The public interest in "an agency's faithful adherence to its statutory mandate" alone is sufficient, but the Report has clearly garnered "great public and media attention," such that "the public interest is particularly well-served by the timely release" of the Report. *Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 42.

## V.    CONCLUSION

For these reasons, Plaintiffs' motion for preliminary injunction should be granted and the Report should be ordered released, subject to redaction of any exempt material, by April 18, 2019.

DATED: April 4, 2019

Respectfully Submitted,

/s/ Matthew Topic

Attorneys for Plaintiffs

Matthew Topic
Joshua Burday
*(E-Mail: foia@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
Bar Nos. IL0037 and IL0042