IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, ) | |
| BUZZFEED INC., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 19-cv-957 |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| DOJ OFFICE OF ATTORNEY GENERAL, ) | |
| DOJ DEPUTY ATTORNEY GENERAL, ) | |
| DOJ OFFICE OF SPECIAL COUNSEL, ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

This case is not the EPIC case, which, according to Defendants, involves an "exceptionally broad FOIA request." First, Plaintiffs' Complaint seeks *only* the release of the Mueller Report, and second, the April 18, 2019 deadline that Plaintiffs seek here is required under the statute absent a showing of impracticability that Defendants have not made and cannot make. Even more to the point, however, the Justice Department has since announced that it will release a redacted copy of the Report *on the same April 18 date* that Plaintiffs have requested in their motion. Defendants have not, and cannot, show that it would not be "practicable," as required by FOIA's expedited processing provision, to release the Report under FOIA at the same time so that this litigation can commence in earnest as soon as possible.

### I.     PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

Defendants argue that they are entitled under the statute to a ten-day extension of time for "unusual circumstances." Defs. Resp. at 6-7. Apparently Defendants no longer assert their open-ended extension "beyond" that ten-day period as set forth in their response letter, although absent

an order from this Court nothing would seem to stop Defendants from reverting to their original open-ended timeline. *See id.* As explained in Plaintiffs' opening brief, that ten-day extension for "unusual circumstances" applies to non-expedited requests, and both case law and the DOJ's own FOIA Guide make clear that the presumption for expedited requests is production within twenty business days, which would be April 18. Thus, Defendants must prove that it truly is not practicable to produce the Report a full month after the Attorney General received it, on the same day it is already going to be released to the public by the Attorney General anyway. They have not.

While Defendants make much of the *EPIC II* and *CREW* decisions, *see* Defs. Resp. at 7, those cases do not support Defendants' argument. As the statute plainly states, and as neither case undercuts, Defendants must produce the Report "as soon as practicable." *See Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 42 (D.D.C. 2014).[1] Even if the request was not expedited, the Report would still need to be produced "promptly." *Id.* at 41-42.

*CREW* did not address what qualifies as "practicable" or "promptly," but only "When must a FOIA requester exhaust administrative appeal remedies before suing in federal district court to challenge an agency's failure to produce requested documents?" *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013). CREW did not even argue that production must be made within the twenty-day deadline, and while *CREW* holds that the twenty-day deadline for non-expedited requests applies only to a "determination,"

---

[1] Unlike the requester in *EPIC II*, Plaintiffs do not ask the Court, through a preliminary injunction, to release the Report unredacted after the expiration of the deadline, but rather, that it be released subject to whatever exemptions Defendants assert, which will be litigated thereafter. *Id*. at 41 (describing "EPIC's reading of the FOIA to require an agency to immediately hand over all of the requested documents as a result of its failure to meet the deadline"); *id*. at 48 (noting impact of proposed injunction would be to "order DOJ to produce such sensitive [classified] documents").

the statute requires expedited requests to be "*process[ed]* as soon as practicable."  5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added).

Under either the "as soon as practicable" standard for expedited requests or even the "promptly" standard for regular requests, Plaintiffs are likely to succeed in their argument that the Report must be produced by April 18.  The apparent core of Defendants' argument against release under FOIA at the same time as the Attorney General's release to the public is that there must be some further review by OIP before the Report can be released under FOIA, *after* the Report is publicly released by the Attorney General. This proposition makes no sense: it is implausible that the Attorney General will withhold anything that must be disclosed under FOIA, and once that material is released publicly, withholding any of it under FOIA would be pointless.  Indeed, Defendants largely concede this to be true.  Defs. Resp. at 5 (The release the Attorney General has promised "is essentially what Plaintiffs would receive under the FOIA."); *id.* at 6 ("Even if the FOIA processing of the report resulted in less information being redacted than the Attorney General's processing—a result that is unlikely given the Attorney General's commitment to as much transparency as consistent with law . . .").

Finally, for all practical purposes, on March 29, 2019, the Attorney General made the "determination" that the Report will be publicly released subject to four specific categories of information that will be redacted, and Defendants have conceded that the Attorney General's release will be essentially what Plaintiffs would receive under FOIA.  *CREW* makes clear that after a determination, for a *non*-expedited request, the agency must "make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years."  711 F.3d at 188.  The circumstances here are that this case only involves the Report itself, the Attorney General will be releasing it April 18,

and the request is subject to expedited, not regular processing.  With all that in mind, release "within days" is appropriate, but certainly within "a few weeks" of March 29, which is consistent with an April 18 production date.  *See also id.* at 190 (agencies are not allowed to keep FOIA requests "bottled up" for extended periods of time "while avoiding any judicial oversight").

## II. PLAINTIFFS WILL SUFFER IRREPARABLE HARM

Defendants' argument on this factor is as follows: "Plaintiffs cannot plausibly allege to be irreparably harmed in getting virtually the same document they would get under FOIA within the time frame promised by the Attorney General."  Def. Resp. at 5-6.  The Attorney General has now indicated that he will release the Report on April 18, yet Defendants have refused to consent to releasing the Report under FOIA "within the time frame promised by the Attorney General," even though, as explained above, Plaintiffs are entitled to the Report "as soon as practicable," which cannot plausibly mean anything other than April 18.

This Court rejected EPIC's motion for preliminary injunction based on this injunctive factor.  But in that case, there was no showing that EPIC's proposed deadline was compelled by the statute, and thus, there was no irreparable harm from Defendants failing to meet that deadline.  Indeed, as Defendants argued in their brief in that case, EPIC sought to impose what they called an "artificial timeline," as opposed to a deadline required by statute and case law here.  *EPIC v. DOJ*, 19-cv-00810-RBW,  Dkt. # 19 at 26.  And in any event, at the time the Court ruled on EPIC's motion, it did not have the benefit of the Attorney General's announcement that the Report will be released to the general public on April 18.

Finally, as discussed in *EPIC II*, it remains the law of this Circuit that there is a sliding scale between the first two preliminary injunction factors.  15 F. Supp. 3d at 38 n.2.  As discussed above, Defendants have clearly failed to show that it is not practicable to produce the Report under

FOIA at the same time it is released to the general public, and Plaintiffs will at least suffer some harm from delay in moving forward toward resolution of the redactions that will be applied to the Report.  This further supports ordering Defendants' to release the Report under FOIA on April 18 at the same time it is released to the general public.

### III. THE PUBLIC INTEREST WEIGHS IN FAVOR OF A PRELIMINARY INJUNCTION

As explained in Plaintiffs' opening brief, the public interest favors the government's "faithful adherence" to its statutory obligations, and particularly so for a document as important as the Mueller Report.  Because Defendants have failed to show that it is not practicable to produce the Report by the statutory deadline of April 18, at the same time it will be released to the general public anyway, permitting them to violate their statutory deadline would not be in the public interest.

In response, all that Defendants really argue is that the public interest is not served from ordering release by April 18 for the reasons Defendants argued in the *EPIC* case before this Court.  But none of those arguments can be reconciled with the fact that the Attorney General will now be releasing the Report on April 18 anyway, or with the fact that Plaintiffs' request, unlike the EPIC request, is limited to the Report itself and would not require the diversion of resources Defendants claimed in the *EPIC* case.

Finally, it is likely, given the categories of information the Attorney General has already determined will be redacted, that we are at the first step of what could be a lengthy legal process to decide whether those redactions are legally permissible under FOIA, while historic events with significant ramifications continue to unfold.  Allowing Defendants to take additional weeks or more of time to produce under FOIA what will be produced by the Attorney General anyway will needlessly delay that resolution and would not be in the public interest.

## IV. THE COURT SHOULD NOT VACATE THE HEARING

A hearing on these issues may assist the Court in ruling on Plaintiffs' motion, and therefore, Plaintiffs request that the Court maintain the hearing date. Moreover, as explained above, Plaintiffs here do not raise the same arguments as EPIC, as Defendants contend, but rather, have shown that Defendants are obliged under the statute to produce the Report by April 18.

DATED: April 15, 2019

Respectfully Submitted,

/s/ Matthew Topic

Attorneys for Plaintiffs

Matthew Topic
Joshua Burday
*(E-Mail: foia@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
Bar Nos. IL0037 and IL0042

## CERTIFICATE OF SERVICE

I, Matthew Topic, an attorney, hereby certify that on April 15, 2019, I caused the foregoing Plaintiffs' Reply in Support of Their Motion for Preliminary Injunction to be served on all counsel of record via the CM/ECF system.

*/s/ Matthew V. Topic*