**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
ELECTRONIC PRIVACY                            )
INFORMATION CENTER,                           )
                                              )
          Plaintiff,                          )
                                              )
          v.                                  )     Civil Action No. 19-cv-810 (RBW)
                                              )
UNITED STATES DEPARTMENT OF                   )
JUSTICE,                                      )
                                              )
          Defendant.                          )
_____      )
                                              )
JASON LEOPOLD, BUZZFEED, INC.,                )
                                              )
          Plaintiffs,                         )
                                              )
          v.                                  )     Civil Action No. 19-cv-957 (RBW)
                                              )
UNITED STATES DEPARTMENT OF                   )
JUSTICE, et al.                               )
                                              )
          Defendants.                         )
_____      )

**DEFENDANT'S OPPOSITION TO CREW'S MOTION FOR LEAVE TO FILE A**
**BRIEF AS _AMICUS CURIAE_**

Citizens for Responsibility and Ethics in Government ("CREW"), an advocacy

organization that frequently files and litigates Freedom of Information Act requests, *see*

Motion of CREW to Leave to File a Brief as Amicus Curiae ("Motion") at ¶ 1, Dkt. 75,

seeks to file an *amicus* brief in this consolidated matter in order to further explicate

arguments against the application of Exemption 5 to portions of the Mueller Report.  As

explained further below, the government opposes CREW's motion because plaintiffs are

already represented by able counsel, plaintiffs' oppositions and cross-motions for

summary judgment already thoroughly address Exemption 5, and CREW's interest in the case is not sufficiently distinct from plaintiffs' that it would assist the Court in resolving the pending motions.  In addition, CREW's motion prejudices the government because it comes too late in the briefing to permit a timely response.

1.  This Court undoubtedly has wide discretion to determine whether or not to allow a third party to file an *amicus* brief.  *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 58–59 (D.D.C. 2019).  Among the factors a court may consider are (a) whether counsel in the case are ably represented, *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136–37 (D.D.C. 2008); (b) whether the *amicus* has unique information or perspective to offer, *WildEarth Guardians*, 368 F. Supp. at 58–59; (c) whether the participation of *amicus* will assist the court beyond what the counsel for the parties are able to do, *id*.; (d) whether the individual or organization seeking to file the *amicus* is an advocate for one of parties, *Jin, supra*, citing *Sierra Club v. FEMA*, 2007 WL 3472851, at *2–3 (S.D. Tex. 2007); and (e) prejudice to an objecting party.

2.  These factors weigh against granting CREW leave to participate as *amicus* here.  As an initial matter, both plaintiffs in this consolidated matter are represented by able and experienced counsel, all of whom have litigated dozens, if not hundreds, of FOIA cases over a number of years.  Counsel who are sophisticated FOIA litigators do not need a third-party advocacy organization to assist them in arguing against the application of ordinary FOIA exemptions, such as Exemption 5.  Indeed, the parties to this case, with at least six lawyers on their behalf, have already submitted 92 pages in opposing the limited redactions applied to the Mueller Report, including 9 pages that

specifically address Exemption 5.[1]  *See* EPIC MSJ at 32–35; Leopold MSJ, at 46–50.

How competent counsel choose to frame that argument is their litigation judgment, and

CREW's desire to argue the same issue in a supposedly different way is not a valid basis

to participate as *amicus*.

      3.  In any event, the argument that CREW proffers in its motion is not one that

offers unique information or perspective, or that is not otherwise before the Court.[2]

*WildEarth Guardians*, 368 F. Supp. at 58–59.  Both EPIC and Leopold raise (at length)

the Special Counsel regulations and the relationship between the Report and the decisions

reached by the Special Counsel, temporally and otherwise.  *See, e.g.*, Leopold MSJ at 46–

47 (citing to the Special Counsel regulations and the Appointment Order authorizing the

Special Counsel's Office investigation); EPIC MSJ at 32 (arguing that 28 C.F.R.

§ 600.8(c) forecloses the deliberative process privilege).  Another brief addressing the

same FOIA exemption that both parties have already addressed is not helpful to the Court

in adjudicating the parties' claims.  That is particularly true in light of the parties'

existing counsel's skill and experience in litigating FOIA matters, s*ee Jin*, 557 F. Supp.

2d at 137, and their exhaustive treatment of Exemption 5 in the current briefing.

      3.  Another relevant consideration is CREW's status as a non-neutral and frequent

FOIA requester that proposes to join forces with the two FOIA requesters already in the

case.  "While no rule requires that an *amicus* be impartial, the court does consider the

presence of partiality with regard to an amici's admittance."  *Jin*, 557 F. Supp. 2d at 136

---

[1] The Court recently recognized the voluminous briefing in this case, ordering the plaintiffs to file one combined reply in support of their cross-motions for summary judgment.  Order at 2, Dkt. 74.

[2] CREW intends to argue that the Court should "consider the authority that Acting Attorney General Rosenstein delegated to the Special Counsel, the Special Counsel regulations, and the relationship between the Report and the decisions reached by the Special Counsel."  Motion at ¶ 3.

(citing *Sierra Club,* 2007 WL 3472851, at *3) (denying leave to file where *amicus'* interests and policy objectives were identical to those of the party whose position it sought to support).  Here, CREW is proposing essentially to add its voice to the already existing briefs advocating against the application of Exemption 5 to portions of the Mueller Report.  CREW could have submitted and litigated its own FOIA request, but it has no standing to participate in this litigation.  *Cf.*, Order dated April 5, 2019, ECF #20 (denying request to intervene based on lack of standing).

        4.  Finally, CREW incorrectly contends that its participation would not unduly delay the proceedings in this case or prejudice the government.  Although it is true that the full briefing of this matter will not be complete until July 15, *see* Motion at ¶ 5, the government's final brief—and thus its only opportunity to address an *amicus* brief—is due July 8, just two working days from today.  CREW did not even move for leave to file an amicus brief until June 28, just five working days before the government's brief is due.  Based on the local rules, the government is entitled to fourteen days to respond to CREW's motion.  Even with the government responding today, in a significantly shorter time than otherwise permitted, the government has insufficient time in which to review the amicus brief and respond to it.  Any such response would also come at the expense of the government's page limitation, which is already stretched from responding in one brief to the two plaintiffs' combined 92 pages.  Accordingly, even if CREW's proposed *amicus* brief were otherwise justified (and it is not), it comes too late and should be denied.

        For all the reasons set forth above, CREW's motion for leave to participate as amicus should be denied.

Dated: July 2, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

*/s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
COURTNEY D. ENLOW
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12100
Washington, D.C. 20005
Tel: (202) 514-5302
Email: elizabeth.shapiro@usdoj.gov

*Counsel for Defendant*