IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, BUZZFEED, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil Action No. 19-cv-957 (RBW)<br>) |
| UNITED STATES DEPARTMENT OF JUSTICE, | )<br>)<br>) |
| Defendant. | )<br>) |

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' BILL OF COSTS**

Defendant, through its undersigned counsel, objects to Plaintiffs' Bill of Costs on the following grounds:

I.  <u>Plaintiffs' Bill of Costs is Out of Time</u>

The court of appeals entered judgment in this matter on November 30, 2021 – not, as stated in the Bill, on May 24, 2022. *See Electronic Privacy Info. v. Dep't of Justice*, No. 20-5364, Judgment (D.C. Cir. Nov. 30, 2021). The mandate issued on January 25, 2022. *Electronic Privacy Info. v. Dep't of Justice*, No. 20-5364, Mandate issued (D.C. Cir. Jan. 25, 2022). Accordingly, Plaintiffs' Bill of Costs must be denied as untimely. *See* LCvR 54.1(a) ("A bill of costs must be filed within 21 days after entry of judgment terminating the case as to the party seeking costs, unless the time is extended by the Court."); Fed. R. App. P. 39(b)(1) ("A party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk and serve an itemized and verified bill of costs."). Accordingly, the relevant date for seeking costs was November 30, 2021, the date of entry of judgment -- not May 24, 2022, the

date on which the parties settled attorney fees.  *See* LCvR 54.1(a).  Accordingly, Plaintiffs' Bill of Costs must be denied as untimely.

    II.    <u>Plaintiffs May Recover No More Than $400 in District Court Costs</u>

Had the Bill been timely filed, Defendant would not have objected to Plaintiffs' request to recover the Clerk's $400 filing fee.  However, Defendant would object to Plaintiffs' request for $140.89 for service of summons and subpoena because, according to the docket, the summons was issued electronically.  *See* ECF #7.

    III.    <u>The District Court Clerk Is Not Authorized to Award Plaintiffs' Appellate Costs</u>

Moreover, even if the Bill had been timely filed, the Clerk of this Court would not be authorized to tax Plaintiff's appellate costs.  LCvR 54.1(d) states that, "[w]hen requested to do so in the bill of costs, the Clerk shall tax the following costs . . .

> (13) Any costs of the kind enumerated in this Rule which were incurred in the District of Columbia Courts prior to removal which are recoverable under the rules of the District of Columbia Court of Appeals and the Superior Court of the District of Columbia . . . "

Neither that rule, nor any other, authorizes the Clerk of this Court to tax costs recoverable under the rules of the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").  To the contrary, Federal Rule of Appellate Procedure 39(b)(1) directs that a party seeking appellate costs must "file with the circuit clerk and serve an itemized and verified bill of costs." Furthermore, D.C. Circuit Rule 39(b) requires that appellate costs be submitted on the form attached hereto as Exhibit A, which Plaintiff has not done.  *See* Circuit Rule 39(b) ("Forms furnished by the clerk's office, or facsimiles thereof, must be used in requesting taxation of costs.").  And because the bill of costs would be untimely in any event, Plaintiff would have

needed the leave of the court of appeals in the first instance to file them.  *Cf.* Exhibit A ("The Court looks with disfavor upon motions to file bills of cost out of time.")

Accordingly, the appellate costs requested in this Bill must be denied.

IV.     Plaintiffs' Appellate Costs Exceed the Maximum Rates

As explained above, because Plaintiffs did not timely file their Bill of Costs, those costs are not recoverable.  Similarly, because Plaintiffs did not file their Bill of Costs with the Clerk of the D.C. Circuit and in accordance with D.C. Circuit rules, their Bill of Costs must be rejected.  Even if a timely bill had been filed in the D.C. Circuit, however, the costs recoverable under the rules of the D.C. Circuit are limited to the docketing fee, and

> "the cost of reproducing only the number of copies of briefs and appendices which have been required to be filed with the Court or served on parties, intervenors and amici curiae, plus three copies for the prevailing party. The costs of reproducing the required copies of briefs and appendices will be taxed at actual cost or at a rate periodically set by the clerk to reflect the per page cost for the most economical means of reproduction available in the Washington metropolitan area, whichever is less. Charges incurred for covers and binding may also be claimed, at actual cost not to exceed a rate similarly determined by the clerk."

*See* Fed. R. App. P. 39; Circuit Rule 39.  The maximum rates set by the Clerk of the D.C. Circuit are set forth in Exhibit B hereto.

Were the Bill to have been filed both timely and in accordance with D.C. Circuit rules, Defendant would not object to Plaintiffs' request to recover the D.C. Circuit's $505 filing fee.  However, the D.C. Circuit would reject the remainder of the costs as highly excessive and well beyond the maximum allowable.  Specifically,

--*Costs Requested for the Joint Appendix*

> Plaintiffs' request for $444 for four front covers (4 at $111 each) exceeds the $.42 per front cover allowed, and thus would have to be reduced to $1.68.

Plaintiffs' request for $2,145 for b/w printing (8253 pages at .26 per page) seeks more than double the $.12 per page allowed, and thus would have to be reduced to $990 (8253 pages at $.12 per page).

Plaintiffs' request for $161.84 for binding (28 spirals at $5.78 each) exceeds the $4.26 allowed, and thus would have to be reduced to $119.28.

Plaintiffs' request for $90 for filing documents would have to be denied because the cost of filing documents is not recoverable.

Plaintiffs' request for $351.13 for "shipping & handling" would have to be denied because the cost of shipping documents is not recoverable.

--*Costs Requested for Appellants' Opening Brief*

Plaintiffs' request for $578 for "preparation of brief" would have to be denied because "preparation of brief" is not a recoverable cost.

Plaintiffs' request for $65 for additional cover pages, and $16 for a "slip sheet," would have to be denied because there is no indication of the rate or number of pages that comprise these charges.

Plaintiffs' request for $252.48 for printing color pages (96 pages at $2.63 each) well exceeds the $.55 per color page allowed, and thus would have to be reduced to $52.80.

In sum, under the D.C. Circuit's rules, Plaintiffs would be entitled to recover no more than their $505 docketing fee plus $1163.76 ($1.68 + $990 + $119.28 +$52.80) in printing costs – or a total of $1,668.76. But because Plaintiffs have not filed a bill of costs in the D.C. Circuit, and such a filing would in any event be untimely, Plaintiffs are not entitled to recover.

## CONCLUSION

For the above reasons, Plaintiffs' Bill of Costs should be rejected as untimely.

Alternatively, Plaintiffs' recovery should be limited to the $400 District Court filing fee.

Dated: June 27, 2022                                     Respectfully Submitted,

                                                        BRIAN M. BOYNTON
                                                        Principal Deputy Assistant Attorney General


                                                        _____*/s/ Elizabeth J. Shapiro*_____
                                                        ELIZABETH J. SHAPIRO
                                                        Deputy Director
                                                        ANDREA NEWMARK,

        Senior Counsel
        Civil Division, Federal Programs Branch
        U.S. Department of Justice
        1100 L Street, N.W., Room 12514
        Washington, D.C. 20005
        Tel: (202) 514-5302
        Email: Andrea.Newmark@usdoj.gov
        *Attorneys for Defendant*